# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH TOWNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07CV0040 ERW |
| | ) | |
| KIRKSVILLE POLICE DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kenneth Towne (registration

no. 11669-044), an inmate at USP Leavenworth, for leave to commence this action

without payment of the required filing fee [Doc. #3]. For the reasons stated below, the

Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and

will assess an initial partial filing fee of $0.64. See 28 U.S.C. § 1915(b)(1).

Furthermore, based upon a review of the complaint, the Court finds that the complaint

should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma

pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the

prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account

statement for the six-month period immediately preceding the submission of his

complaint. A review of plaintiff's account indicates an average monthly deposit of

$2.94, and an average monthly balance of $3.19. Plaintiff has insufficient funds to pay

the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of

$0.64, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed

in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for an alleged violation of his Fourth Amendment right against unreasonable searches and seizures. Named as defendant is the Kirksville Police Department. The complaint seeks monetary and injunctive relief.

The sole allegation in the complaint is that "the police" entered plaintiff's home without a warrant and seized his firearms.

## Discussion

The complaint fails to state a claim upon which relief can be granted because police departments are not suable entities under § 1983. Ketchum v. City of West

Memphis, Ark., 974 F.2d 81, 82 (1992).  As a result, the complaint will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, even if plaintiff had named the City of Kirksville as defendant the

complaint would still be dismissed.  For a local municipality to be liable under § 1983,

a plaintiff must allege that a policy or custom of the municipality inflicted the injury to

plaintiff.  Monell v. Dep't. of Soc. Serv. of City of New York,  436 U.S. 658, 694-695

(1978).  Plaintiff has not alleged that a policy or custom of the City of Kirksville led to

the alleged violation of his constitutional rights.  As a result, the complaint fails to state

a claim against the City of Kirksville.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma

pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of

$0.64 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it:

(1) his name; (2) his prison registration number; (3) the case number; and (4) that the

remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

So Ordered this 9th Day of October, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE